UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NOEL LIRIO GONZALES,

Petitioner,

vs.

DIRECTOR NEVADA DEPARTMENT OF CORRECTIONS, *et al.,*

Respondents.

Case No. 2:16-cv-02015-RFB-CWH

**ORDER**

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (ECF No. 1) to proceed *in forma pauperis* and his motion (ECF No. 3) for appointment of counsel.

Petitioner subsequently paid the filing fee, and the Court therefore will deny the pauper motion without prejudice as moot.

Turning to the counsel motion, the Court is persuaded that the interests of justice require the appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B) given, *inter alia,* that: (1) petitioner's native tongue is Tagalog, such that an interpreter was utilized during petitioner's state criminal proceedings; (2) petitioner is subject to a substantial aggregate sentence on multiple charges, including one consecutive sentence with a life "tail"; (3) potentially complex procedural issues may be presented given that petitioner pursued state post-conviction relief in the state district court but that court's online docket sheet does not appear to reflect that petitioner pursued a timely appeal thereafter; and (4) the case may present potentially complex substantive issues given that the direct appeal resulted in a

published decision in *Gonzales v. State*, 354 P.3d 654 (Nev. 2015). The inmate financial materials attached with the counsel motion further establish petitioner's financial eligibility for appointment of counsel under § 3006A.

IT THEREFORE IS ORDERED that petitioner's application (ECF No. 1) to proceed *in forma pauperis* is DENIED without prejudice as moot following upon petitioner's payment of the filing fee, such that the Clerk of Court shall file the petition.

IT FURTHER IS ORDERED that petitioner's motion (ECF No. 3) for appointment of counsel is GRANTED. The counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

IT FURTHER IS ORDERED that the Federal Public Defender shall be provisionally appointed as counsel and shall have **thirty (30) days** to undertake direct representation of petitioner or to indicate to the Court the office's inability to represent petitioner in these proceedings. If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline, based on the potential issues herein, for approximately **one hundred fifty (150) days** from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013). The Court's action herein further is without prejudice to any applicable defenses, including untimeliness, that may be raised by the respondents following the filing of a counseled petition. **Counsel should note that petitioner's warden should be named as an additional respondent in any amended petition.**

1  IT FURTHER IS ORDERED, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk shall add State Attorney General Adam P. Laxalt as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to him. Respondents' counsel shall enter a notice of appearance within **twenty-one (21) days** of entry of this order, but no further response shall be required from respondents until further order of the Court. The Clerk accordingly shall send a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

The Clerk further shall provide copies of all prior filings herein to both the Attorney General and the Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

DATED this 29th day of September, 2017.

_____
RICHARD F. BOULWARE, II
United States District Judge